UNITED STATES DISTRICT COURT IN THE WESTERN DISTRICT OF WISCONSIN

ADAM ARENDT

       Plaintiff,

**COMPLAINT**

Case No. 18-cv-790

v.

GUNDERSEN LUTHERAN HEALTH SYSTEMS, INC.

GUNDERSEN CLINIC, LTD.

UNIVERSAL BACKGROUND SERVICES, INC.

       Defendants.

NOW COMES the Plaintiff, Adam Arendt, by his attorneys, Hale, Skemp, Hanson, Skemp & Sleik, by attorneys Craig R Steger and Mason B Schultz, and as and for his Complaint against the Defendants, state the following:

## INTRODUCTION AND RELEVANT LAW

1.     Over the last few decades, the digitization of American businesses and society has resulted in massive new capabilities relating to the collection, dissemination, and use of individual consumer data. Criminal background information, medical history, creditworthiness, and countless other data sets now exist in digital format. To every American in this country, there exists a wealth of digital information as unique and personally identifiable as a fingerprint.

2.     Unfortunately, that information is not always accurately recorded. Given the immense amount of data available, mistakes happen and inaccurate information is sometimes attributed to individuals. This inaccurate information may show up on a credit report, employment, history, or in the case here, a criminal background check. This inaccurate

information, when used as the basis for hiring or firing decisions, can destroy lives and livelihoods.

3.      Without some mechanism to inspect and correct inaccurate personal information, this record could follow unwitting individuals for years, negatively impacting their ability to receive loans, enroll in college, or gain employment.

4.      Congress, responding to these concerns, enacted the Fair Credit Reporting Act ("hereinafter FCRA"). The FCRA, 15 U.S.C. § 1681 et seq., governs the collection and disclosure of consumer personal information. The FCRA "require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer [.]" The FCRA also imposes strict requirements on employers regarding the use and disclosure of consumer reports.

5.      "Consumer reports" include communication of any information by a consumer reporting agency relating to a consumer's creditworthiness, credit standing, character, general reputation, or personal characteristics, used for the purpose of establishing that consumer's eligibility for employment. *See generally* 15 U.S.C. § 1681a (d).

6.      "Consumer" means any individual whose reports are being used. § 1681a (c).

7.      Criminal background checks, if obtained by a consumer reporting agency, are consumer reports. *See Solimen v. Morton Coll.*, No. 13 C 1962, 2013 U.S. Dist. LEXIS 128000 (N.D. Ill. Sep. 9, 2013) (citing generally *Stevenson v. Emp'rs Mut. Ass'n*, 960 F. Supp. 141 (N.D. Ill. 1997).

8.      Consumer reporting agencies that prepare reports are required to follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15. U.S.C. § 1681e (b).

9.      Under certain narrow circumstances, consumer reports may be used for "employment purposes," defined as a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee.  § 1681a (h).

10.     Employers may not obtain a consumer report from a consumer reporting agency unless the employer certifies to the reporting agency that the employer has complied with the employee disclosure requirements described below, and that the employer will comply, if applicable, with the pre-adverse action requirements described in paragraph 12 below. § 1681b (b)(1)(A)(i).

11.     An employer may not obtain a consumer report on a prospective employee for employment purposes until it has received express written consent from that prospective employee, in the form of a clear and conspicuous written disclosure, in a standalone document that consists solely of the disclosure. § 1681b (2)(A).

12.     Before an employer may take any adverse action against a prospective employee based on any part of a consumer report, the employer shall provide the prospective employee both a copy of the report, and a written description of the employee's rights under the FCRA. § 1681b (3)(A).

13.     The term "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee [.]" § 1681a(k)(1)(B)(ii).

14.     If an adverse action is taken in whole or in part because of information found on a

consumer report, The employer must additionally furnish 1) the name, address, and phone

number of the consumer reporting company; 2) a statement that the company who supplied

the report did not make the adverse employment decision, and; 3) a notice of the prospective

employee's right to dispute the accuracy of the information within the report. *See generally* §

1681m.

15.     The prospective employee then has the right to dispute the completeness or accuracy of

the consumer report. If the employee contacts the reporting agency directly, the agency shall,

free of charge, conduct a reasonable reinvestigation to determine the accuracy of the report. §

1681i(a)(1)(A). If inaccurate information is found, the reporting agency must then modify or

delete the record, and then promptly inform the employer of the modified or deleted

information.

16.     The FCRA creates a private cause of action for consumers against employers that

unlawfully obtain and use consumer reports, and against credit reporting agencies that

produce inaccurate or misleading reports. Under the FCRA, employers and credit reporting

agencies are liable for negligent and willful violations. §§ 1681o; 1681n. For willful

violations, consumers may seek either actual or statutory damages, as well as punitive

damages and attorney's fees. § 1681n.

17.     This action is brought by Plaintiff, a consumer and prospective employee, against

Defendants Gundersen, an employer, and Universal Background Services, Inc., a consumer

reporting agency, for their patterns and policies of noncompliance with 15 U.S.C. §§ 1681b

and 1681e, respectively.

18.     Plaintiff additionally alleges Defendants Gundersen have engaged in a pattern and policy of noncompliance with the FCRA under § 1681m, under which section is enforced by the Federal Trade Commission.

19.     Defendants Gundersen willfully violated the FCRA by obtaining a consumer report on Plaintiff without first receiving express written consent from Plaintiff, in the form of a clear and conspicuous written disclosure in a standalone document, contrary to 15 U.S.C. § 1681b (2)(A).

20.     Defendants Gundersen willfully violated the FCRA by failing to provide Plaintiff with a copy of that consumer report, and by failing to provide written notice of Plaintiff's rights under the FCRA, before they took adverse action based upon the consumer report, contrary to 15 U.S.C. § 1681b (3)(A).

21.     Upon information and belief, Defendants Gundersen willfully violated the FCRA by wrongfully certifying to a consumer reporting agency that they had complied with employee disclosure requirements when in fact they had not, contrary to 15 U.S.C. § 1681b (b)(1)(A)(i).

22.     Upon information and belief, Defendants Gundersen willfully violated the FCRA by wrongfully certifying to a consumer reporting agency that they would comply with pre-adverse action requirements when in fact they failed to do so when those requirements became applicable, contrary to 15 U.S.C. § 1681b (b)(1)(A)(i).

23.     Defendants Gundersen willfully violated the FCRA by, after taking an adverse action in whole or in part on that consumer report, failing to furnish the name, address, and phone number of the consumer reporting agency, as well as failing to provide notice of Plaintiff's

right to dispute the accuracy of the information within that report, contrary to 15 U.S.C. § 1681m.

24.    Defendants Gundersen continue to willfully violate the FCRA as they have yet to fulfill their obligation to produce the contact information of the consumer reporting agency Defendants used to produce the report, contrary to 15 U.S.C. § 1681m.

25.    Defendants Gundersen continue to willfully violate the FCRA as they have yet to fulfill their obligation to inform Plaintiff of his right to dispute the information found in the consumer report, contrary to 15 U.S.C. § 1681m.

26.    Defendant Universal Background Services, Inc., willfully violated the FCRA by preparing a patently inaccurate and misleading consumer report, and those inaccuracies were due to the company's willful failure to follow reasonable procedures to assure maximum possible accuracy. 15. U.S.C. § 1681e (b).

27.    As a direct, causal result of Defendants' willful FCRA violations, Plaintiff has suffered concrete, particularized harms, including without limitation, loss of employment, loss of back pay, damage to his professional reputation and ability to obtain new employment, as well as costs incurred by relocating to the geographic area in reliance upon the offer of employment from Defendants Gundersen.

28.    In the alternative, Defendants are, at a minimum, negligent in their patterns and policies of noncompliance with the FCRA regarding the above violations.

29.    Plaintiff seeks actual damages for the Defendants' willful violations of the FCRA as well as punitive damages, costs, and reasonable attorney's fees, pursuant to § 1681n.

30.     In the alternative, Plaintiff seeks actual damages for the Defendants' negligent and

repeated noncompliance of the FCRA, as well as costs and reasonable attorney's fees,

pursuant to § 1681o.

## JURISDICTION AND VENUE

31.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

32.     Pursuant to 28 U.S.C. § 1391(c), venue is proper in this Court in the Western District of

Wisconsin because and the conduct giving rise to this action occurred in the Western District

of Wisconsin.  Defendants Gundersen are doing substantial business in the state of

Wisconsin, and upon information and belief, Defendant Universal Background Screening,

Inc. is engaged in substantial business in Wisconsin, including providing employee screening

services to Wisconsin employers. According to its website, Universal Background Screening,

Inc. is a nationally-recognized leader in the employment screening industry.[1]

## PARTIES

33.     Plaintiff Adam Arendt is a resident of Illinois, whose address is 2814 N. Newcastle

Avenue #2, Chicago, IL 60634. Plaintiff is a "consumer" as defined under the FCRA. 15

U.S.C. § 1681a(c).

34.     Defendant Gundersen Lutheran Health Systems, Inc., is a Wisconsin corporation whose

principal place of business is 1836 South Ave, La Crosse, WI 54601, and whose registered

agent for service of process is Daniel J. Lilly, Attorney, at 1836 South Ave, La Crosse, WI

54601.

---

[1] Universal Background Screening, About Us, https://universalbackground.com/about-us/why-universal-background-screening/ (last visited September 19, 2018).

35. Defendant Gundersen Clinic, Ltd., is a Wisconsin corporation whose principal place of business is 1836 South Ave, La Crosse, WI 54601, and whose registered agent for service of process is Daniel J. Lilly, Attorney, at 1836 South Ave, La Crosse, WI 54601.

36. Defendants Gundersen Lutheran Health Systems, Inc. and Gundersen Clinic, Ltd. are, individually and collectively, in the business of providing medical and healthcare services in the State of Wisconsin and are commonly known as "Gundersen." Said defendants will individually and collectively be referred to hereinafter as Defendants "Gundersen."

37. Upon information and belief, Defendant Universal Background Screening, Inc. (hereinafter "Universal"), is an Arizona corporation with a principal place of business at 7720 North 16th Street, Suite 200, Phoenix, AZ 85020. Upon information and belief, Universal is in the business of providing background screens for third parties and is therefore a "consumer reporting agency" under the FCRA. 15 U.S.C. § 1681a (f). Upon information and belief, Universal provided the inaccurate consumer report to Defendant Gundersen relating to Plaintiff, which is the subject of this Complaint. At all times material to this action, Universal purposely availed itself to the State of Wisconsin, and was engaged in continuous and substantial contacts with the State of Wisconsin.

## FACTUAL ALLEGATIONS

38. Plaintiff Adam Arendt is a Doctor of Podiatric Medicine.

39. Defendants Gundersen are primarily in the business of providing hospital and healthcare services to consumers in western Wisconsin, Iowa, and Minnesota.

40. Gundersen operates in over a dozen counties across western Wisconsin, northeastern Iowa and southern Minnesota, and employs more than 7,000 people.

41.     Defendant Universal is a national provider of consumer reports, including background

checks, and claims to be a recognized leader in the employment screening industry.

42.     In 2017, Plaintiff applied for a position in Gundersen's Podiatry Department at the La

Crosse, WI clinic.

43.     On or about September 18, 2017, Gundersen extended an offer of employment to

Plaintiff, subject to certain conditions. A copy of that offer is attached hereto. (Exhibit "A".)

44.     Gundersen's offer was subject to Plaintiff's completion of a credential and privileging

process.

45.     In reliance upon Gundersen's offer, Plaintiff tendered resignation to his employer and

relocated from Illinois to the La Crosse area, incurring costs.

46.     During the credentialing process, Gundersen produced a Background Information

Disclosure Form which Plaintiff was instructed to complete and return to Gundersen. A copy

of that form is attached hereto. (Exhibit "B".)

47.     During the credentialing process, Gundersen also produced a credentialing application

which Plaintiff was instructed to complete and return to Gundersen. Plaintiff does not possess

a copy of this credentialing application.

48.     At no point did Gundersen obtain express written consent from the Plaintiff, in a

standalone disclosure document, that Gundersen intended to obtain a consumer report on

Plaintiff's criminal background that as part of the credentialing and privileging process.

49.     On the background form, question #1 in Section A read as follows:

**Do you have any criminal charges pending against you or were you ever
convicted of any crime anywhere, including in federal, state, local, military,
and tribal courts?**

50.     To the question posed in paragraph 49, Plaintiff truthfully answered "no."

51.     Plaintiff had no pending charges of any kind and has never been convicted of any crime anywhere.

52.     On the credentialing application, question #15 in Section A read as follows:

**Have you ever been convicted of, or pled guilty or no contest to, a felony, serious or gross misdemeanor, or any crime involving dishonesty, assault or sexual misconduct or abuse, or abuse of controlled substances or alcohol, or are charges pending against you for any such crimes by information, indictment or otherwise?**

53.     To the question posed in paragraph 52, Plaintiff truthfully answered "no."

54.     Shortly after completing and submitting the Application, Plaintiff was contacted by Gundersen, asking him to explain his answers to the conviction questions. A copy of that communication is attached hereto. (Exhibit "C".)

55.     Plaintiff stated that his answers to the questions posed in paragraphs 49 and 52 were correct, and asked Gundersen to produce any information it had which contradicted Plaintiff's answer.

56.     Gundersen refused to produce any information it had related to Plaintiff's criminal background, stating it was company policy not to provide this information to prospective employees.

57.     Plaintiff was unable to provide any more clarification because Gundersen refused to explain or produce what information it had.

58.     On or about December 6, 2017, Gundersen withdrew its offer of employment to Plaintiff, claiming Plaintiff failed to successfully complete the credentialing process. A copy of that communication is attached hereto. (Exhibit "D".)

59.   After Gundersen withdrew its offer of employment, Plaintiff was unable to obtain employment for approximately five months. Plaintiff is now employed and earning a substantially smaller salary than he would have earned if employed with Gundersen.

60.   Before withdrawing Plaintiff's offer of employment, Gundersen did not at any point produce any part of any consumer report, nor did Gundersen provide a written description of Plaintiff's rights under the FCRA.

61.   Despite Plaintiff's request to review the consumer report, Gundersen refused to provide Plaintiff the consumer report, refused to identify the consumer reporting agency it used to procure the consumer report, and refused to even acknowledge it had a report.

62.   At no point has the Gundersen provided Plaintiff the address and phone number of the consumer reporting agency which Defendant used to procure the consumer report on Plaintiff.

63.   At no point has the Gundersen provided Plaintiff notice of his right to dispute the accuracy of the information within the consumer report.

64.   On March 7, 2018, Plaintiff, by his legal counsel, wrote to Defendant, putting Defendant on notice that its refusal to produce Plaintiff's consumer report violated the FCRA. A copy of that letter is attached hereto. (Exhibit "E".)

65.   On or about March 16, 2018, Defendant, by its legal counsel, responded by letter, claiming it was in compliance with the FCRA, while still refusing to produce the consumer report. A copy of that letter is attached hereto. (Exhibit "F".)

66.   On March 27, 2018, Plaintiff, by his legal counsel, again wrote to Defendant, reasserting his right to receive a copy of the consumer report. A copy of that letter is attached hereto. (Exhibit "G".)

67.     In a letter received by Plaintiff's counsel on or around April 3, 2018, Defendant's counsel

identified the name of the consumer reporting agency it used to procure a consumer report on

Plaintiff. A copy of that letter is attached hereto. (Exhibit "H".) Defendant's counsel also

produced a portion of the consumer report. A copy of that consumer report is attached hereto.

(Exhibit "I".)

68.     The consumer report, which is dated October 25, 2017, contained patently inaccurate

entries, including erroneous records of two alleged criminal convictions in Wisconsin.

Plaintiff has never been convicted of any crime in Wisconsin or any other state.

69.     In the letter marked as Exhibit H, Defendant's counsel stated the following:

> Dr. Arendt did not accurately complete the necessary forms nor did he respond in
> a timely manner to explain the omissions and/or incomplete items. **Based on this,**
> **his conditional offer of employment was considered withdrawn.**

## CLAIM I: WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AGAINST DEFENDANTS GUNDERSEN HEALTH SYSTEMS, INC. AND GUNDERSEN CLINIC, LTD.
## 15 U.S.C. § 1681b (b)(1)(A)(i), §1681b (2)(A), and § 1681b (3)(A)

70.     Plaintiff re-alleges paragraphs one through sixty-nine (1-69) and incorporates them fully

as if set forth herein.

71.     Upon information and belief, Gundersen wrongfully certified to a consumer reporting

agency that it had complied with employee disclosure requirements when in fact it had not,

as required by § 1681b (b)(1)(A)(i).

72.     Upon information and belief, Gundersen wrongfully certified to a consumer reporting

agency that it would comply with pre-adverse action requirements when in fact it failed to do

so when those requirements became applicable, as required by § 1681b (b)(1)(A)(i).

73.     Gundersen obtained a third-party consumer report on Plaintiff without first obtaining express written consent from Plaintiff, in a standalone disclosure document or otherwise, as required by § 1681b (2)(A).

74.     Prior to taking the adverse action of withdrawing Plaintiff's offer of employment, Gundersen failed to produce the consumer report, as required by § 1681b (3)(A).

75.     Prior to taking the adverse action of withdrawing Plaintiff's offer of employment, Gundersen failed to provide a written description of Plaintiff's rights under the FCRA, as required by § 1681b (3)(A).

76.     After taking the adverse action of withdrawing Plaintiff's offer of employment, Gundersen refused to provide any portion of the consumer report, nor the name of the consumer reporting agency, as required by § 1681m, until more than four months after the adverse action was taken. Gundersen refused to produce the consumer report even after being put on notice by Plaintiff that it was violating the FCRA. Gundersen finally produced a portion the consumer report after repeated demands by Plaintiff. Upon belief, Gundersen still possesses a portion of the report which Plaintiff has never received or seen.

77.     At no point has the Gundersen provided Plaintiff notice of his right to dispute the accuracy of the information within the consumer report, as required by § 1681m.

78.     At no point has the Gundersen provided the address and phone number of the consumer reporting agency it used to gather a consumer report on Plaintiff, as required by § 1681m.

79.     In the letter marked as Exhibit H, Gundersen admits that Plaintiff's offer of employment was withdrawn because, as Gundersen alleges, Plaintiff did not accurately complete the Application forms and did not respond in a timely manner to explain the omissions and/or incomplete items.

80.     Plaintiff could not respond in a timely manner to explain the omissions and/ or
incomplete items because Plaintiff did not know what those alleged omissions or incomplete
items were. Plaintiff answered all of his Application questions truthfully and completely.
There was nothing to explain.

81.     Gundersen refused to provide the consumer report, while demanding further clarification
from Plaintiff. Meanwhile, Plaintiff, unable to inspect the consumer report, could not provide
further clarification because the information he provided was true and complete.

82.     Subsequently, Gundersen withdrew the offer, claiming Plaintiff was uncooperative
during the credentialing process for his failure to inform Gundersen of convictions on his
criminal record—convictions that appeared on an inaccurate third-party consumer report that
Plaintiff was not allowed to see and had no knowledge of.

83.     Because of Gundersen's failure to obtain Plaintiff's express written consent to obtain
consumer report, and because of Gundersen's failure to inform Plaintiff of his right to inspect
and dispute the report before taking adverse action, Plaintiff was unaware of and unable to
correct the inaccurate record, and his offer of employment was subsequently withdrawn. In
other words, the failure of Gundersen to lawfully obtain and disclose the inaccurate consumer
report directly caused Plaintiff to lose the job offer.

84.     If Gundersen had obtained proper consent and provided Plaintiff with the consumer
report, as required by the FCRA, Plaintiff would have been aware of the inaccuracies on the
consumer report, and could have corrected them.

85.     In the letter marked as Exhibit E, Plaintiff informed Gundersen that its numerous and
ongoing failures to disclose the consumer report violated the FCRA; yet Gundersen still
refused to disclose the consumer report until nearly a month later.

86.     In a letter dated April 27, 2018, Plaintiff informed Gundersen, in painstaking detail, each

and every section of the FCRA it had violated and was continuing to violate. A copy of that

letter is attached hereto. (Exhibit "J".)

87.     To this date, more than ten months after withdrawing Plaintiff's offer of employment

based upon inaccurate information found in an unlawfully-obtained consumer report,

Gundersen still has not taken steps to the cure the FCRA violations as it relates to Plaintiff's

employment application. Specifically, Gundersen still has not informed Plaintiff of his right

to contact the consumer reporting agency to dispute the inaccuracies, nor has Gundersen

provided the contact information for that reporting agency, nor provided a full copy of the

report, all of which are required under the FCRA.

88.     Even after Plaintiff informed Gundersen of its FCRA violations in great detail,

Gundersen chooses to remain in direct violation of federal law.

89.     Gundersen's past and ongoing failure to meet its obligations to the FCRA, given that it is

a large company with ample resources to maintain compliance with federal law, constitutes

willful noncompliance.

90.     As a direct and proximate result of Gundersen's willful violations, Plaintiff suffered

concrete and particularized injuries, including without limitation the loss of employment, loss

of back pay, damage to his professional reputation and ability to obtain new employment,

and costs related to his relocation to the geographic area in reliance on Gundersen's offer of

employment.

91.     As a direct and proximate result of Gundersen's willful violations, Gundersen is directly

liable to Plaintiff for actual damages, punitive damages, costs, and reasonable attorney's fees,

in an amount to be determined at trial.

## CLAIM II: NEGLIGENT VIOLATIONS OF THE FCRA AGAINST DEFENDANT GUNDERSEN HEALTH SYSTEMS, INC. AND GUNDERSEN CLINIC, LTD.
## 15 U.S.C. § 1681b (b)(1)(A), § 1681b(2)(A), and § 1681b(3)(A)

92.     Plaintiff re-alleges paragraphs one through ninety-one (1-91) and incorporates them fully as if set forth herein

93.     In the alternative, Gundersen was, at minimum, negligent in that it wrongfully certified to a consumer agency that it would comply with disclosure and pre-adverse action requirements, failed to obtain express written consent from Plaintiff to obtain a third-party consumer report, failed to provide Plaintiff a disclosure form in a standalone document consisting only of that disclosure, failed to produce the full consumer report to Plaintiff prior to and after taking adverse action, failed to inform Plaintiff of his right to dispute the consumer report, failed to inform Plaintiff of his rights after taking adverse action based on the consumer report, and was otherwise negligently noncompliant with the FCRA.

94.     As a direct and proximate result of Gundersen's negligent violations, Plaintiff suffered concrete and particularized injuries, including without limitation the loss of employment, loss of back pay, damage to his professional reputation and ability to obtain new employment, and costs related to his relocation to the geographic area in reliance on Gundersen's offer of employment.

95.     As a direct and proximate result of Gundersen's negligent violations, Gundersen is directly liable to Plaintiff for actual damages, costs, and reasonable attorney's fees, in an amount to be determined at trial.

## CLAIM III: WILLFUL VIOLATION OF THE FCRA AGAINST DEFENDANT UNIVERSAL BACKGROUND SCREENING, INC.
## 15 U.S.C. § 1681e (b)

96.     Plaintiff re-alleges paragraphs one through ninety-five (1-95) and incorporates them fully as if set forth herein.

97.     The consumer report which Defendant Universal produced on Plaintiff contained patently inaccurate information. For example, the report stated that in November of 2002, Plaintiff was charged and convicted of Disorderly Conduct in Iowa County, which is a criminal misdemeanor in Wisconsin. Wis. Stat. § 947.01. In reality, Plaintiff was cited for a municipal violation of disorderly conduct. (Exhibit I).

98.     The consumer report produced by Universal also contained numerous incomplete or misleading statements regarding Plaintiff. For example, the report states that in December of 2012, Plaintiff was charged with criminal Disorderly Conduct, but the report lists the court as "UNKNOWN" and contains no information regarding the disposition of that case.  The report also states that in April of 2003, Plaintiff was arrested by the Platteville Police Department and charged with "VIOLATE ABSOLUTE SOBRIETY LAW", a misdemeanor. Wis. Stat. § 346.63 (2M). The report contains no information regarding the disposition of that case. The report states that in July of 2005, Plaintiff was arrested and charged with misdemeanor Disorderly Conduct. The court is listed as "UNKNOWN" and the disposition vaguely states "CCAP DISPOSITION."

99.     The report generated by defendant is, on its face, vague and incomplete. However, Universal does not appear to have further supplemented or investigated the incomplete records found in the consumer report in any way. Instead, Universal was satisfied with producing an incomplete report that contained false and misleading information.

100.     By failing to properly investigate several patently incorrect, vague, and incomplete items contained in its report, Universal has failed its obligation to employ "reasonable

procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates". 15. U.S.C. § 1681e (b).

101.    Universal's failure to meet its obligation under federal law, given that it claims to be a "recognized leader in the employment screening industry",[2] with ostensibly ample resources to employ reasonable procedures to assure maximum possible accuracy, constitutes willful noncompliance with the FCRA.

102.     As a direct and proximate result of Universal's willful violations, Plaintiff suffered concrete and particularized injuries, including without limitation the loss of employment, loss of back pay, damage to his professional reputation and ability to obtain new employment, and costs related to his relocation to the geographic area in reliance on Universal's offer of employment.

103.    As a direct and proximate result of Universal's willful violations, Universal is directly liable to Plaintiff for actual damages, punitive damages, costs, and reasonable attorney's fees, in an amount to be determined at trial.

## COUNT IV: NEGLIGENT VIOLATION OF THE FCRA AGAINST DEFENDANT UNIVERSAL BACKGROUND SCREENING, INC. 15 U.S.C. § 1681e (b)

104.    Plaintiff re-alleges paragraphs one through one hundred four (1-104) and incorporates them fully as if set forth herein.

105.    In the alternative, at minimum, Universal's failure to meet its obligation to employ reasonable procedures to assure maximum accuracy with regard to Plaintiff's consumer report constitutes negligent noncompliance with the FCRA.

---

[2] Universal Background Screening, About Us, https://universalbackground.com/about-us/why-universal-background-screening/ (last visited September 19, 2018).

106.    As a direct and proximate result of Universal's negligent violations, Plaintiff suffered

concrete and particularized injuries, including without limitation the loss of employment, loss

of back pay, damage to his professional reputation and ability to obtain new employment,

and costs related to his relocation to the geographic area in reliance on Gundersen's offer of

employment.

107.    As a direct and proximate result of Universal's negligent violations, Universal is directly

liable to Plaintiff for actual damages, costs, and reasonable attorney's fees, in an amount to

be determined at trial.

**WHEREFORE**, Plaintiff, Adam Arendt, respectfully prays this Court for the following relief:

A.  Actual damages in an amount to be proved at trial;

B.  Costs and attorney's fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. §
    1681o(2);

C.  Punitive damages as provided for by 15 U.S.C. § 1681n(2), and;

D.  Such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 20th day of September, 2018.

<div style="margin-left: 40%;">

HALE, SKEMP, HANSON, SKEMP & SLEIK

By: _____
Attorney Craig R. Steger
State Bar No: 1045865


By: _____
Attorney Mason B. Schultz
State Bar No: 1102696
Attorneys for Plaintiff
505 King Street Suite 300
P.O. Box 1927
La Crosse, WI 54601

</div>